**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEX ULLOA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF FCI FORT DIX,<br><br>　　　　　　Respondent. | Civil Action No. 23-23031 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Alex Ulloa's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which seeks to challenge a prison disciplinary sanction. Following an order to answer, the Government filed a response to the petition (ECF No. 12), to which Petitioner did not reply. (ECF Docket Sheet.) For the reasons expressed below, Petitioner's habeas petition is denied.

I. **BACKGROUND**

Petitioner is a convicted federal prisoner currently imprisoned in FCI Fort Dix. (ECF No. 1 at 1.) His current habeas petition seeks to challenge disciplinary sanctions imposed upon him following his failure to provide a timely urine sample during random drug testing at FCI Schuykill on April 4, 2023. (*Id.* at 1-8; ECF No. 12-1 at 26.) That afternoon, Petitioner was required to undergo a random drug screening urinalysis, but was unable to provide a sample after being given a two-hour window within which to do so. (ECF No. 12-1 at 26.) As a result, Petitioner was

charged with a disciplinary infraction for failure or refusal to provide a sample. (*Id.*) The following day, Petitioner was provided with written notice of the charges, and was advised of his rights at a forthcoming disciplinary hearing before a disciplinary hearing officer (DHO). (*Id.* at 24.) Petitioner signed the form advising him of the charges and his rights. (*Id.*)

After initial consideration of the charges by a unit disciplinary committee, Petitioner's charges were referred for a full hearing before a DHO. (*Id.* at 27.) In his own defense, Petitioner reported that he took medication that made it difficult for him to urinate. (*Id.* at 30.) A letter submitted for the hearing by medical staff, however, indicated that Petitioner had been proscribed medication which "reduces the risk of acute urinary retention" and thus would help, rather than hinder, Petitioner's ability to provide a urine sample. (*Id.* at 31.)

Petitioner's hearing was held on April 14, 2023. (*Id.* at 41.) At the hearing, Petitioner waived his right to staff representative, but called as a witness another inmate who reported that he witnessed Petitioner have trouble urinating. (*Id.* at 41-42.) In his own defense, Petitioner testified that the "officer didn't give [him] water" and that Petitioner "drank seven cups of water in [his] cell" and provided "a half a cup of water," and that he "never used drugs." (*Id.* at 41.) After considering Petitioner's testimony, that of his provided witness, the report of the officer that Petitioner had failed to provide a urine sample after several attempts, and the medical report indicating that Petitioner's medication should have aided in providing a sample, the DHO credited staff over Petitioner and his witness, and credited the medical report over Petitioner's claim that the medication hindered his ability to provide a sample. (*Id.* at 43.) The DHO therefore found Petitioner guilty of failing to timely provide a urine sample, and sanctioned Petitioner with fifteen days loss of good time credits, and forty-five days loss of commissary privileges. (*Id.*)

Although Petitioner filed a grievance challenge to this finding, it did not bear fruit. Petitioner's appeal to the BOP's regional level office was filed late, and rejected as untimely by

BOP officials. (*Id.* at 16-20.) Although provided multiple opportunities to correct this issue, Petitioner failed to adequately do so and his regional level appeal was again rejected as untimely. (*Id.*) Petitioner attempted to bypass that procedural issue by directly appealing the untimely finding by the regional office, but that appeal was rejected as procedurally improper because Petitioner had failed to correct or address his timeliness failing at the regional level. (*Id.*) The grievance records provided indicate that Petitioner never perfected his regional appeal, and that he thus did not appeal his grievance on the merits to either the regional or national levels of the BOP's grievance system. (*Id.*)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    DISCUSSION

In his habeas petition, Petitioner argues that his disciplinary charges should be overturned because he believes he was denied Due Process because the DHO did not adequately consider his medical conditions in finding him guilty of failing to provide a urine sample. Because federal prisoners have a statutorily created liberty interest in good time credits they receive during their imprisonment, prisoners do have Due Process rights which may not be impugned during prison disciplinary hearings resulting in the loss of such credits. *Campbell v. Warden Allenwood USP*, 808 F. App'x 70, 72 (3d Cir. 2020) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Those

3

rights include at least twenty-four hours advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, assistance from an inmate representative if the charges are complex of the petitioner illiterate, and a written decision explaining the evidence relied upon and the reasons for the disciplinary action. *Id.*; *See also Wolff*, 418 U.S. at 563-67. Technical errors, such as failure to meet BOP procedures, however, will not provide a basis for habeas relief, and any alleged denial of Due Process will not suffice to overturn a disciplinary proceeding unless those errors were actually prejudicial. *See Millhouse v. Bledsoe*, 458 F. App'x 200, 203 (3d Cir. 2012) (citing *Wilson v. Ashcroft*, 350 F.3d 377, 380-81 (3d Cir. 2003); *see also Obiegu v. Werlinger*, 488 F. App'x 585, 586 (3d Cir. 2012). Where a prisoner's rights have been respected, a prison disciplinary finding will stand on habeas review so long as it is supported by "some evidence in the record." *Campbell*, 808 F. App'x at 72 (quoting *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)). This standard "is minimal and 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence." *Id.*(quoting *Hill*, 472 U.S. at 455).

In this matter, Petitioner contends that the DHO's findings were improper because he inadequately considered Petitioner's medical conditions in finding Petitioner guilty, which Petitioner believes contradict BOP guidelines. The record of this matter indicates that the BOP respected the requirements of *Wolff* and provided Petitioner with the minimal protections required by the Due Process Clause in disciplinary hearings where good time credits are lost because Petitioner was provided written notice of the charges, time to prepare, the opportunity to call witnesses and provide statements in his own defense, the opportunity to request a staff representative, and a written decision with written notice of the sanctions imposed. Petitioner does not actually assert that any of these requirements were not met, and instead relies on his interpretation of BOP regulations regarding urine samples to contend his rights were not respected.

4

Even were Petitioner correct that a failure to meet these BOP regulations could amount to a denial of Due Process, a finding this Court need not and does not make, Petitioner is incorrect in asserting the regulations were not properly respected.

The applicable regulation, found in 28 C.F.R. § 550.31(a), provides that an inmate who fails to provide a urinary sample within a two-hour time frame "is presumed to be unwilling" to provide a sample and thus guilty of a disciplinary infraction, but that an inmate "may rebut this presumption during the disciplinary process." Although the regulation does not expressly address institutional findings as to medical issues preventing the provision of a sample, the regulation does leave to prison staff's discretion any determination of whether a justifiable medical reason exists for other forms of failed drug tests. *See* 28 C.F.R. § 550.31(b). In this matter, Petitioner failed to provide a sample and was presumed to have been unwilling. The DHO then provided Petitioner with an opportunity to rebut that presumption and argue that his medical issues made a sample impractical, and ultimately found that Petitioner failed to rebut the presumption in light of the letter from medical indicating that Petitioner's medication aided in providing a sample, contrary to Petitioner's assertion that the medication *hindered* urination. As the DHO's finding is clearly supported by "some evidence" in the record – the reports of the charging officer and the letter from the prison's medical staff, this Court may not second guess or overturn the disciplinary finding solely because of Petitioner's disagreement with the result. *Campbell*, 808 F. App'x at 72. Petitioner received all the process he was due, and the DHO's conclusions are supported by some evidence in the record. Thus, Petitioner has failed to show that the disciplinary sanctions imposed violate his Due Process rights. Therefore, Petitioner's habeas petition is denied.

Finally, the Court notes that the Government contends that Petitioner did not adequately exhaust his administrative remedies, and that this failure provides an alternate basis for the dismissal of Petitioner's habeas petition. Habeas petitioners are generally required to exhaust all

5

available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). The BOP's exhaustion requirement is a multi-step process involving appeals not only within a given prison, but also to the regional and central offices of the BOP. *See, e.g., Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019).

Here, Petitioner's exhaustion attempts failed during his regional appeal, when his appeal at that level was rejected multiple times as untimely. Although Petitioner was provided multiple opportunities to correct that error by submitting an explanation for the late filing with a staff certification, Petitioner did not cure this defect, and his regional and later national level appeals were thereafter rejected. Thus, Petitioner appears to have procedurally defaulted his exhaustion attempts, and to have failed to exhaust. As Petitioner has not shown cause or prejudice for this failing – Petitioner argues only that he was late because of a prison transfer without explaining why he could not have simply explained that during the time period provided by the regional office on multiple occasions – he has failed to exhaust his remedies, and his habeas petition would be subject to dismissal for that reason as well.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

                                           Hon. Karen M. Williams,
                                           United States District Judge